UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORMEUM LAB SERVICES, LLC,** <br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2196** |
| **COASTAL LABORATORIES, INC., ET AL.,** <br>    **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Stay, or in the Alternative, to Transfer for Determination of Whether Stay is Appropriate filed by Coastal Laboratories, Inc. ("Coastal"), AMSOnSite, Inc. ("AMSOnSite"), Britton-Harr Enterprises, Inc ("BHE"), and Patrick Britton-Harr (collectively the "Coastal Parties").[1]

## BACKGROUND

The factual background of this action has been set forth extensively by this Court and need not be repeated in full here.[2] It is sufficient to note that on July 31, 2020, Coastal and AMSOnSite filed an action in the United States District Court for the District of Maryland against Dr. Tarun Jolly, Cormeum Lab Services, LLC ("Cormeum"), and six other defendants who are not parties to this action.[3] On August

---

[1] R. Doc. 130. Cormeum Lab Services, LLC ("Cormeum") opposes the motion. R. Doc. 132. The Coastal Parties filed a reply. R. Doc. 136.
[2] R. Doc. 102.
[3] *Coastal Laboratories, Inc. v. Tarun Jolly, M.D.*, No. 20-cv-2227-RDB (D. Md.) (the "Maryland action"). The other defendants in the Maryland action are Dr. James Silliman, James "Bo" Silliman, Dr. David J. Vigerust, Benjamin Williamson, Sensiva Health, LLC, Z DiagnostiX, LLC, and Vita Health Systems, LLC.

1

5, 2020, Cormeum filed Action 20-2196 in this District against Coastal, AMSOnSite, Inc., and Patrick Britton-Harr.[4] BHE was added as a defendant in the First Amended Complaint.[5] On August 12, 2020, Dr. Jolly filed Action No. 20-2230 in this District against Coastal, Patrick Britton-Harr, and BHE.[6]

On January 15, 2021 the Court granted in part the Coastal Parties Motion to Transfer Cases Under the First-to-File Rule, transferring Action 20-2230 to United States District Court for the District of Maryland,[7] and denied the motion in part, keeping Action 20-2196 here.[8] The forum selection clause in the Laboratory Services Agreement at issue in this action is mandatory; it grants "exclusive" jurisdiction to the courts located in the Parish of Orleans, State of Louisiana. The claims in this action for breach of contract and open account are within the scope of the forum selection clause.[9] The Court held the first-to-file rule does not override the parties' forum selection clause.

An Amended Scheduling Order was entered in this action on April 30, 2021 setting the trial of this action on November 29, 2021.[10] The Coastal Parties have now requested a stay of this action pending the completion of a trial in the related consolidated actions in the United States District Court for the District of Maryland or,

---

[4] R. Doc. 1.
[5] R. Doc. 8.
[6] Action 20-2230, R. Doc. 1.
[7] The Maryland cases are now consolidated. R. Doc. 130-3.
[8] R. Doc. 102.
[9] *Id.*
[10] R. Doc. 127.

alternatively, a transfer of this action to the District of Maryland for the limited purpose of allowing that court to determine whether a stay is appropriate.

The Coastal Parties have offered no support for their motion to stay other than the Court's discretion to control the disposition of cases on its docket,[11] which the Court declines to exercise in this manner. Neither have the Coastal Parties provided support for their request that this Court transfer this action to the District of Maryland for the limited purpose of allowing that court to determine whether a stay is appropriate. The Court denies the motion to the extent it is based on these arguments. To the extent the motion is treated as a request for rehearing of the Court's January 15, 2021 order, it also is denied. Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment, according a district court "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[12] The district court's discretion in this regard is broad,[13] but this Court typically analyzes these motions under the standard governing Rule 59(e) motions to alter or amend a final judgment.[14] Under Rule 59(e), a moving party must satisfy at least one of the following criteria: "(1) the motion is necessary to correct a manifest

---

[11] R. Doc. 130-2 at pp. 6-8.
[12] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981).
[13] S*ee Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414–15 (5th Cir.1993)
[14] *See, e.g., United States v. Bollinger Shipyards, Inc.*, 2013 WL 3984058, at *4 (E.D. La. 2013) (Vance, C.J.); *Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *Letap Hospitality, L.L.C. v. Days Inn Worldwide, Inc.*, 2008 WL 2959649, at *2 (E.D. La. July 30, 2008) (Berrigan, J.).

error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law."[15] None of the criteria necessary for the Court to reconsider its previous order has been argued or established by the Coastal Parties. The motion, to the extent it seeks reconsideration, is denied.

Because of a conflict in the Court's schedule, the Court will vacate the current trial date. The Court's case manager will contact the parties to set a scheduling conference.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Stay, or in the Alternative, to Transfer for Determination of Whether Stay is Appropriate is **DENIED**.

New Orleans, Louisiana on this 21st day of July, 2021.

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[15] *B & C Marine, LLC v. Cabiran*, 2013 WL 950562, *1 (E.D. La. Mar. 11, 2013).